

# OFFICE OF THE ATTORNEY GENERAL OF TEXAS
## AUSTIN

GERALD C. MANN
ATTORNEY GENERAL

Honorable Julian Montgomery
State Highway Engineer
Austin, Texas

Dear Sir:

Opinion No. O-1831
Re: May provision for price differ-
ential in favor of domestic
articles, etc., be included
in the contracts of the High-
way Department?

We acknowledge receipt of your request for an opinion on whether or not the State Highway Department may incorporate in its construction contracts a provision that there shall be a price differential of fifteen per cent, per unit price bid, in favor of domestic cement over foreign cement.

The provision sought to be included is as follows:

"Whenever the term 'Portland Cement' or 'cement' is used in this item, it shall be construed to refer to Portland Cement from domestic sources.

"IF THE CONTRACTOR SO ELECTS, CEMENTS FROM FOREIGN SOURCES MAY BE USED IN LIEU OF CEMENTS FROM DOMESTIC SOURCES PROVIDED SUCH FOREIGN CEMENT SO USED SHALL MEET THE REQUIRE-MENTS FOR DOMESTIC CEMENTS AS HEREIN SPECIFIED, AND WITH THE FURTHER PROVISION THAT WHEN FOR-EIGN CEMENTS ARE SO USED, PAYMENT WILL BE MADE AT THE UNIT PRICE BID FOR 'PORTLAND CEMENT' LESS A DIFFERENTIAL OF FIFTEEN PER CENT THERE-OF."

NO COMMUNICATION IS TO BE CONSTRUED AS A DEPARTMENTAL OPINION UNLESS APPROVED BY THE ATTORNEY GENERAL OR FIRST ASSISTANT

For the purpose of this opinion we are assuming that by the terms "foreign sources" and "foreign cement" is meant cement from sources outside of the United States.

The State Highway Department is a creature of the Legislature, and therefore has no more power than that granted by its creator.

Article 6674h, Vernon's Annotated Civil Statutes, provides that all contracts for the improvement, construction and maintenance of the state highway system shall be by competitive bids.

Most of our statutes governing the letting of contracts provide that the contract shall be let to the lowest bidder or to the lowest responsible bidder. But the Legislature has given the State Highway Commission more latitude concerning its contracts.

As stated in McQuillan on Municipal Corporations, Volume III, Section 1286:

> "Such requirements (competitive bids) are for the purpose of inviting competition, to guard against favoritism, improvidence, extravagance, fraud and corruption in the awarding of municipal contracts, and to secure the best work or supplies at the lowest price possible, and are enacted for the benefit of the property holder and the tax payer, and not for the benefit or enrichment of bidders, and shall be construed and administered as to accomplish such purposes fairly and reasonably with sole reference to the public interest." (Emphasis ours)

And in Dillon on Municipal Corporations, Section 802, it is said:

> "Competitive offers or bids have no other object but to insure economy and exclude favoritism and corruption in the furnishing of labor. . . for the uses of the city." (Emphasis ours)

In the case of Gulf Bitulithic Company vs. Nueces County, 11 S. W. (2d) 305, Justice Leddy of the Commission of Appeals, in discussing competitive bids as required in Article 2268, Complete Texas Statutes, 1920, said:

"The clear purpose of the enactment of this statute was to enable counties to obtain the performance of any public works at the lowest possible cost to the taxpayer."

It is, therefore, our opinion that the purpose of the Legislature in enacting Article 6674h, supra, was to procure for the taxpayers the construction, improvement, and maintenance of a system of state highways at the lowest cost possible.

It is a matter of common knowledge that foreign Portland Cement can be purchased at a less price than domestic Portland Cement. It is elementary that the cost of cement is a large factor in determining the cost of construction work. The clause sought to be inserted in the specifications would prohibit the use of foreign cement, and thereby necessarily increase the bids for such work. In other words, the clause would be in direct contravention of the purpose the Legislature had in mind when it enacted Article 6674h, supra.

It is, therefore, our opinion that the State Highway Department does not have authority to insert the clause providing for a fifteen per cent differential on the unit price bid in favor of domestic cement over foreign cement.

Trusting that the foregoing fully answers your inquiry, we are

Yours very truly

ATTORNEY-GENERAL OF TEXAS

By _Richard H. Cooke_
Richard H. Cooke
Assistant

RHC:GO

APPROVED FEB 27, 1940

_Gerald C. Mann_
ATTORNEY GENERAL OF TEXAS

APPROVED
OPINION
COMMITTEE
BY _BWB_
CHAIRMAN